CHARLES E. GILMAN & SONS, INC., & another[1] *vs.* ALCOHOLIC BEVERAGES CONTROL COMMISSION & others.[2] No. 02-P-1424. September 3, 2004. *Alcoholic Liquors,* Alcoholic Beverages Control Commission, Supplier, Wholesaler. *Administrative Law,* Substantial evidence, Agency's interpretation of statute.

Two of the original plaintiffs in this action, Charles E. Gilman & Sons, Inc. (Gilman), and Martignetti Grocery Co., Inc. (Martignetti),[3] appeal from a judgment of the Superior Court affirming a decision of the defendant Alcoholic Beverages Control Commission (commission), which held that the defendant Bacardi-Martini U.S.A., Inc. (Bacardi), did not become subject to the requirements of G. L. c. 138, § 25E, upon its purchase of certain brands of gin and scotch pursuant to a divestiture imposed by the Federal Trade Commission incident to a merger.

Section 25E provides that a supplier who has sold alcoholic beverage brands to a wholesaler for six months or more may terminate sales to the

---

[1]Martignetti Grocery Co., Inc.

[2]Bacardi-Martini U.S.A., Inc.; Schieffelin & Somerset Co.; Carillon Importers, Ltd.; and Paddington Corp./IDV.

[3]M.S. Walker, Inc., another original plaintiff in this action, entered an appeal in this court; the parties filed a stipulation of dismissal as to M.S. Walker, Inc., on March 5, 2004.

wholesaler only for "good cause" (as defined in the statute). Gilman and Martignetti are wholesalers, to whom Bacardi's predecessor supplier had sold branded alcoholic beverages for more than six months as of the time Bacardi purchased the brands.

In concluding that Bacardi was not subject to § 25E upon its purchase of the brands, the commission applied the analysis later adopted by the Supreme Judicial Court in *Heublein, Inc.* v. *Capital Distrib. Co.*, 434 Mass. 698 (2001). See *Pastene Wine & Spirits Co.* v. *Alcoholic Beverages Control Commn.*, 401 Mass. 612 (1988). Under that analysis, a successor supplier of alcoholic beverages does not become subject to § 25E "where the acquisition of the product assets and their distribution rights were made at arm's length and there was no evidence before the commission of any agency relationship or continuing affiliation between [the seller and the purchaser of the assets] following the completion of the sale . . . unless some other principle of law imputes [the seller's] obligations to [the purchaser]." *Heublein, supra* at 708. The court in *Heublein* commented favorably on the commission's analysis of § 25E in the commission's decision in the present case.[4] See *id.* at 706-707.

Gilman and Martignetti nonetheless challenge the commission's decision, claiming that Bacardi expressly assumed its seller's § 25E obligations under the terms of the contract pursuant to which it purchased the brands. Accordingly, they contend, "some other principle of law" imposed the requirements of § 25E on Bacardi. At a minimum, they argue, the commission erred in deciding the matter on summary decision, since the question whether the contractual assumption of liabilities embraced the seller's obligations under § 25E involved disputed issues of material fact. To support the latter proposition, Gilman and Martignetti point to the opinion of the United States Court of Appeals for the First Circuit in *Jet Wine & Spirits, Inc.* v. *Bacardi & Co.*, 298 F.3d 1 (1st Cir. 2002), which considered the same provision of the same contract.[5]

In *Jet Wine*, the court reversed a judgment dismissing a complaint for lack of personal jurisdiction over Bacardi. *Id.* at 4, 13. The plaintiff argued, and the court agreed, that Bacardi's purchase agreement could be construed to assume the seller's distribution contract with the plaintiff, at least to support a prima facie showing of jurisdiction. See *id.* at 8.

The present case stands in a different posture, however. The "obligations" that the plaintiffs seek to impose on Bacardi do not arise under any contract, and in fact are not, strictly speaking, obligations at all.[6] The statutory limitation on wholesaler termination prescribed under § 25E attaches to a supplier

---

[4]The commission's decision in the present case was issued on December 29, 1999. The plaintiffs' appeal from that decision was pending in the Superior Court when the *Heublein* case was decided by the Supreme Judicial Court.

[5]The *Jet Wine* opinion reproduces the relevant provisions of the contract, and furnishes further description of the transaction in which Bacardi purchased the brands, which we do not repeat here. See *id.* at 4-6.

[6]Though the commission in its decision, and the court in *Heublein*, 434 Mass. at 705, described § 25E as imposing "an obligation to retain wholesalers," the statute merely limits the right of a supplier to terminate wholesalers to whom it has made sales over an extended period. The plaintiffs do not contend that the wholesale distribution contracts with Gilman and Martignetti were among the contracts Bacardi assumed under the purchase agreement.

upon the supplier's satisfaction of a condition: the sale of branded products to a wholesaler for a period of six months or more. The satisfaction of that condition is particular to the supplier. At the time Bacardi purchased the brands at issue in the present case, its seller satisfied that condition and Bacardi did not. As noted in *Heublein, supra* at 704, in certain circumstances the seller's status under § 25E will be imputed to the buyer, to prevent evasion of the protections intended under the statute. Unlike the circumstances in *Jet Wine, supra*, however, the question in the present case is not whether a particular contract is within the scope of the obligations Bacardi assumed under its purchase agreement, but whether the requirements of § 25E are properly considered obligations subject to the general contractual assumption. That is a question of law and not of fact. We conclude that whether a seller's status under § 25E will be imputed to a buyer should be determined by the factors articulated in *Pastene, supra*, and *Heublein, supra*, and are unaffected by a buyer's general contractual assumption of the seller's liabilities under an arm's-length asset purchase agreement.[7]

Certain transitional agreements between Bacardi and the seller obligated the seller to assist Bacardi in producing the brands of gin and scotch in question during an interim period. We agree with Bacardi that there was substantial evidence to support the commission's conclusion that such obligations did not prevent Bacardi from acquiring control over the brands and hence did not impute § 25E liability to Bacardi under the theory of shared control.

*Judgment affirmed.*

*Evan T. Lawson (J. Mark Dickison* with him) for the plaintiffs.

*Gerald J. Caruso* for Bacardi-Martini U.S.A., Inc.

*Romeo G. Camba,* Assistant Attorney General, for Alcoholic Beverages Control Commission.

---

[7]The present case does not raise, and we do not consider, any question of the effect of a buyer's express contractual undertaking to adopt its seller's status under § 25E.